NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN TRAPP, | |
| Plaintiff, | Civ. No. 14-7880 |
| v. | **OPINION** |
| STACY HANDLER, et al., | |
| Defendants. | |

THOMPSON, U.S.D.J.

    This matter comes before the Court upon the Motion of Defendant Patrolman Christopher Casson to Dismiss *pro se* Plaintiff Shawn Trapp's Complaint. (Doc. No. 4). Plaintiff has not filed opposition. The Court has decided the Motion based on the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Court will grant Defendant's Motion and dismiss the entire case for lack of jurisdiction.

BACKGROUND

    On December 19, 2014 Plaintiff Shawn Trapp ("Plaintiff") filed this suit against Defendants Stacy Handler, Esq., and Ptlm. Christopher Casson, alleging that Defendants "knowingly and willfully provid[ed] to the grand jury . . . false declarations that they knew was [sic] false in an attempt to deprive [Plaintiff] of [his] freedom." (Doc. No. 1, Compl. at 1). It appears that on May 1, 2013 Ms. Handler, an Assistant Monmouth County Prosecutor, presented to a Monmouth County Grand Jury a case against Plaintiff and called Ptlm. Casson as a witness. According to Plaintiff, Ptlm. Casson provided false statements to the Grand Jury and Ms. Handler "knowingly suborned perjury" by questioning Ptlm. Casson. (*Id.* at 1). Plaintiff claims

1

that Defendants violated Rule of Professional Conduct 8.4 and 18 U.S.C. § 1623.  On February 5, 2015 Ptlm. Casson filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a cause of action.  (Doc. No. 4).

## DISCUSSION

A. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(1) asserts a facial or factual challenge to subject matter jurisdiction.  *Gould Electronics, Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000).  Where the defendant brings a facial challenge, as here, the court accepts as true all well-pleaded allegations and views the complaint in the light most favorable to the plaintiff.  *Id.*, *Polanco v. Omnicell*, 988 F. Supp. 2d 451, 458 (D.N.J. Dec. 26, 2013).  The plaintiff bears the burden of proving jurisdiction.  *Polanco*, 988 F. Supp. 2d at 458.  Subject matter jurisdiction may be based on a federal question under 28 U.S.C. § 1331 or diversity under 28 U.S.C. § 1332.  Section 1332(a) requires complete diversity, meaning no plaintiff is a citizen of the same state as any defendant.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

B. Analysis

Here, Plaintiff and both Defendants[1] appear to be citizens of New Jersey.  Thus, there is no diversity of citizenship and no basis for jurisdiction under 28 U.S.C. § 1332.  With respect to federal question jurisdiction under 28 U.S.C. § 1331, Plaintiff has not asserted any claims arising under federal law.  He alleges violations of Rule of Professional Conduct 8.4 and 18 U.S.C. § 1623, neither of which create a private cause of action.  *See Pollen v. Comer*, No. 05-1656 JBS,

---

[1] Ms. Handler is an Assistant Monmouth County Prosecutor and Ptlm. Casson is employed by the Eatontown Police Department.

2007 WL 1876489, at *10 (D.N.J. June 27, 2007) (stating that a violation of a Rule of Professional Conduct does not give rise to a cause of action); *Wolk v. U.S.*, No. 00-6394, 2001 WL 1735258, at *7 (E.D. Pa. Oct. 25, 2001) (explaining that 18 U.S.C. 1623 "prohibits false declarations in a judicial proceeding" and "create[s] criminal penalties not civil ones and accordingly, federal courts have not recognized a private cause of action under [it]); *Wagner v. Unemployment Comp. Bd. Of Review*, 550 Fed. App'x 99, 100 (3d Cir. 2014) ("Further, § 1623 is a criminal statute that does not expressly give rise to a private cause of action."). Therefore, this court lacks subject matter jurisdiction, and the Complaint will be dismissed with respect to all Defendants. To the extent the Complaint may be construed as raising any other claims, Plaintiff may assert those allegations in state court.

## CONCLUSION

For the reasons above, Defendant Ptlm. Casson's Motion to Dismiss Plaintiff's Complaint will be granted, and the case will be dismissed in its entirety for lack of jurisdiction.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.
